KUERZE v CINCINNATI (city) et

Ohio Appeals, 1st Dist, Hamilton Co

No 4692. Decided July 22, 1935

Fyffe Chambers, Cincinnati, for plaintiff.
Edgar B. Traver, Cincinnati, for defendant.

## OPINION

By MIDDLETON, PJ.

The record in this proceeding discloses that this action is in this court on an appeal of the plaintiff from a judgment of the Court of Common Pleas for this county. In that court a jury was waived and the case was submitted to that court without the intervention of a jury. Notice of appeal was given by the plaintiff and a bond was fixed for said appeal by the trial court. No bill of exceptions was filed and no petition in error appears in the record or files but a transcript of evidence purporting to be the evidence adduced at the trial is found in the files.

The petition of the plaintiff alleges that the defendant city through its Board of Park Commissioners entered into a written contract with the plaintiff to purchase from him certain real estate at a consideration of $4,250; that the plaintiff under the terms of said contract duly prepared and on November 2, 1933, tendered to the defendant city a deed in fee simple for the premises, duly acknowledged with covenants of general warranty and with release of dower by the plaintiff's wife. The petition further states that on November 20, 1933, the defendant city refused to accept plaintiff's property and to pay therefor the purchase money as aforesaid. The prayer of the petition is that the City of Cincinnati "specifically perform said agreement and pay plaintiff the sum of $4.250 with interest from the 20th day of November, 1930, and such other relief as is just and equitable." There is no fact pleaded in the petition that under any possible construction can be said to in any manner invoke the jurisdiction of a court of equity. The prayer of the petition, of course, is no part of the facts which constitute any legal ground for a right to the consideration of the equity side of the trial court.

The answer of the defendant city briefly states the consideration of $4,250 named in the contract was placed therein by mistake and that said consideration should have been in the sum of $2,250, and then by cross petition it asks the court to order said mistake corrected and that plaintiff be directed to complete the contract by a delivery of the deed.

The trial court found on a submission of the case "that there was no meeting of the minds of the parties to this action as to the purchase price to be paid for the real estate described in the plaintiff's petition. Therefore, the alleged contract of purchase is invalid and of no effect in law or equity."

The defendant city had no part in appealing this case to this court. The appeal is by the plaintiff alone. It is manifest from the facts stated in his petition that he has wholly mistaken what was the proper and only action he had under the facts he pleads. It is not within the jurisdiction of this court to accept on appeal what are actions at law only and in the adjudication of the rights of the parties herein they

are entitled to a final adjustment by the verdict of a jury. It is our conclusion that the court is wholly without jurisdiction to entertain this appeal and for that reason the proceeding here by the plaintiff is dismissed.

BLOSSER and McCURDY, JJ, concur.